## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| Jennifer L. Barton, individually and as Personal Representative of the Estate of Ivan William Barton, and on behalf of the heirs-at law and wrongful death beneficiaries of Ivan William Barton, Deceased, | ) ) ) ) ) ) ) | **ORDER GRANTING DEFENDANT EOG RESOURCES' MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| Pioneer Drilling Services, LTD, a Wyoming Corporation; Pioneer Drilling Company, Inc., a Texas Corporation; EOG Resources, Inc., a Texas Corporation; John Doe Corporations I-X; and John Doe Individuals, I-X, | ) ) ) ) ) ) ) | Case No. 4:11-cv-037 |
| Defendants. | ) | |

Before the Court is Defendant EOG Resources, Inc.'s "Motion for Summary Judgment" filed on July 30, 2012. See Docket No. 26. The Plaintiff filed a response in opposition to the motion on August 23, 2012. See Docket No. 28. The Defendant filed a reply brief on September 6, 2012. See Docket No. 29. For the reasons set forth below, EOG Resources' motion is granted.

### I. BACKGROUND

The Plaintiff, Jennifer Barton, is a resident of Wyoming and the deceased, Ivan Barton, was a resident of Wyoming at the time relevant to this cause of action. Defendant Pioneer Drilling Services, LTD is a Texas corporation with its principle place of business in San Antonio, Texas. Defendant Pioneer Drilling Company, Inc. is a Texas corporation with its principal place of business in San Antonio, Texas. Pioneer Drilling Services and Pioneer Drilling Corporation will be

collectively referred to as "Pioneer Drilling." Defendant EOG Resources, Inc. ("EOG Resources") is a Delaware corporation with its principal place of business in Houston, Texas.

EOG Resources, an oil and gas company, had a mineral lease or otherwise had rights of occupancy and use of the premises where the accident occurred. In 2005, EOG Resources retained Pioneer Drilling as an independent contractor to drill and complete its oil wells. See Docket No. 27-1. The Drilling Contract between EOG Resources and Pioneer Drilling provides that Pioneer Drilling:

> shall be an independent contractor with respect to performance of all work hereunder and neither Contractor [Pioneer Drilling] nor anyone employed by Contractor shall be deemed for any purpose to be the employee, agent, servant, or representative of Operator in the performance of any work or service or any part thereof in any manner dealt with hereunder. Operator [EOG Resources] shall have no direction or control of Contractor [Pioneer] or its employees and agents except in the results to be obtained.

See Docket No. 27-1, p. 9.

EOG Resources retained Peak Energy USA, Inc. ("Peak Energy") as an independent contractor in 1997, to provide "general and custom transportation and relocation of drilling rigs." See Docket No. 27-3, p. 1. The Contract explicitly states, "Contractor [Peak Energy] conclusively shall be deemed an independent contractor, with the authority and right to direct and control all of the details of the work, Company [EOG] being interested only in the result obtained." See Docket No. 27-3, p. 2.

On April 15, 2009, Ivan Barton was employed by Peak Energy. Ivan Barton was killed while working on a rig located in Mountrail County, North Dakota. The premises where the death occurred was leased by or otherwise controlled by EOG Resources. On the date of the incident, an oil-drilling derrick, owned by Pioneer Drilling, was scheduled to be moved to a new location after

completing drilling operations. It was Pioneer Drilling's duty to secure the rig to a truck in preparation for transport and to control the method and process for attaching the hydraulic cylinder to the truck. To help secure the rig mast to the truck in preparation for the move, Barton was working under a very large hydraulic cylinder on the bed of the truck. The chain holding the hydraulic cylinder broke, and the cylinder fell on Barton, killing him instantly.

On March 30, 2011, the Plaintiff filed a complaint in state court against the Defendants for the wrongful death of Ivan Barton from injuries sustained as a result of the hydraulic cylinder falling on him while securing the drilling rig. See Docket No. 1-1. The Plaintiff contends the Defendants owed a duty of care to provide a reasonably safe workplace for Ivan Barton. The Plaintiff argues the Defendants negligently breached their duty to provide a reasonably safe workplace for Ivan Barton, which ultimately resulted in his death.

On February 19, 2010, the Defendants removed the case to federal court. See Docket No. 1. On July 30, 2012, EOG Resources filed a motion for summary judgment. See Docket No. 26. EOG Resources contends there are no genuine issues of material fact regarding EOG Resources' liability to Ivan Barton. As the employer of independent contractors, EOG Resources argues it was not liable for the acts or omissions of the independent contractors. Further, EOG Resources claims none of the exceptions to the general rule of employer non-liability apply because it did not retain control over the actions of Pioneer Drilling or Peak Energy.

The Plaintiff contends there are disputed facts, mainly whether EOG Resources retained complete control over the safety of the operations that took place on the well site and, therefore, owed a duty to protect Ivan Barton from injuries caused by the acts or omissions of Pioneer Drilling and Peak Energy. The Plaintiff argues EOG Resources exercised control by conducting and

3

participating in safety briefs and assumed a duty to properly supervise and conduct safety programs on Pioneer Drilling Rig Number 57. See Docket No. 28. The Plaintiff also argues that EOG Resources had a duty to maintain a reasonably safe work-site but failed to do so.

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, indicates no genuine issues of material fact exist and, therefore, the moving party is entitled to judgment as a matter of law. Davison v. City of Minneapolis, Minn., 490 F.3d 648, 654 (8th Cir. 2007); see Fed. R. Civ. P. 56(a). Summary judgment is not appropriate if there are factual disputes that may affect the outcome of the case under the applicable substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue of material fact is genuine if the evidence would allow a reasonable jury to return a verdict for the non-moving party. Id.

The Court must inquire whether the evidence presents sufficient disagreement to require the submission of the case to a jury or if it is so one-sided that one party must prevail as a matter of law. Diesel Mach., Inc. v. B.R. Lee Indus., Inc., 418 F.3d 820, 832 (8th Cir. 2005). The moving party bears the burden of demonstrating an absence of a genuine issue of material fact. Simpson v. Des Moines Water Works, 425 F.3d 538, 541 (8th Cir. 2005), *abrogated on other grounds by* Torgerson v. City of Rochester, 643 F.3d 1031 (8th Cir. 2011). The non-moving party may not rely merely on allegations or denials in its own pleading; rather, its response must set out specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(c)(1). The court must consider the substantive standard of proof when ruling on a motion for summary judgment. Anderson, 477 U.S. at 252.

4

### III. LEGAL DISCUSSION

#### A. NEGLIGENCE

The Plaintiff brought a wrongful death negligence claim based on diversity jurisdiction. It is well-established that in an action based on diversity jurisdiction, the Court "will apply the substantive law of North Dakota." Atkinson v. McLaughlin, 462 F. Supp. 2d 1038, 1047 (D.N.D. 2006); see also Paracelsus Healthcare Corp. v. Philips Med. Sys., 384 F.3d 492, 495 (8th Cir. 2004) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)). "To establish a cause of action for negligence, a plaintiff must show the defendant has a duty to protect the plaintiff from injury." Rogstad v. Dakota Gasification Co., 2001 ND 54, ¶ 12, 623 N.W.2d 382. "Negligence consists of a duty on the part of an allegedly negligent party to protect the plaintiff from injury, a failure to discharge the duty, and a resulting injury proximately caused by the breach of the duty." Grewal v. N.D. Ass'n of Cntys., 2003 ND 156, ¶ 9, 670 N.W.2d 336 (citing Gullickson v. Torkelson Bros., Inc., 1999 ND 155, ¶ 7, 598 N.W.2d 503). The existence of a duty is generally a question of law for the court to decide. Id. However, if the existence of a duty depends on the resolution of factual issues, those issues must be resolved by the trier of fact. Gullickson, 1999 ND 155, ¶ 6, 598 N.W.2d 503 (internal citations omitted). "If no duty exists, there is no negligence." Rogstad, 2001 ND 54, ¶ 12, 623 N.W.2d 382.

#### B. EMPLOYER LIABILITY

As a general rule, an employer is not liable for the torts of an independent contractor. Grewal, 2003 ND 156, ¶ 10, 670 N.W.2d 336; Lumpkin v. Streifel, 308 N.W.2d 878, 880-81 (N.D. 1981). However, Section 414 of the Restatement (Second) of Torts recognizes an exception to the

5

general rule of employer non-liability. The exception makes an employer liable for an independent contractor's acts on the job over which the employer has retained control. Grewal, 2003 ND 156, ¶ 10, 670 N.W.2d 336; Schlenk v. NW Bell Tel. Co., Inc., 329 N.W.2d 605, 612 (N.D. 1983). Section 414 provides that the employer can be found liable, not vicariously for the acts of the independent contractor's employees, but directly for the employer's failure to exercise its retained control with reasonable care. Peterson v. City of Golden Valley, N.D., 308 N.W.2d 550, 554 (N.D. 1981). It is well-established that employees of an independent contractor fall within the protection of Section 414. An employer of an independent contractor who retains control of the work owes a duty of care to the independent contractor's employees to exercise the retained control with reasonable care. Madler v. McKenzie Cnty, N.D., 467 N.W.2d 709, 711 (N.D. 1991).

EOG Resources and Pioneer Drilling entered into a contract in which Pioneer Drilling agreed to provide "all labor, equipment, materials, supplies, and services necessary for the proper operation or maintenance of the drilling rig." See Docket No. 27-1, p. 1. The contract refers to Pioneer Drilling as an independent contractor of EOG Resources. See Docket No. 27-1, p. 9. EOG Resources entered into a similar contract with Peak Energy, establishing the same employer-independent contractor relationship.[1] The Court finds that Peak Energy and Pioneer Drilling were independent contractors of EOG Resources, as defined by the contracts. See Docket Nos. 27-1 and 27-3. Thus, the sole determination the Court must make is whether EOG Resources retained control over the operative details and workings of Peak Energy and Pioneer Drilling.

---

[1] Peak Energy USA, Inc. is not a defendant in this action. Nonetheless, it is important to establish Peak Energy as an independent contractor of EOG Resources (formerly known as Enron Oil & Gas Company) for purposes of liability. EOG Resources and Peak Energy entered into a contract in which Peak Energy was a "service contractor engaged in the business of providing general and custom transportation and relocation of drilling rigs and other oilfield equipment and desires to perform work as an independent contractor for [EOG Resources] from time to time." See Docket No. 27-3, p. 1.

6

### 1) **RETAINED CONTROL EXCEPTION**

The liability created by Section 414 arises only when the employer retains the right to control the method, manner, and operative detail of the work performed. It is not enough that the employer merely retains the right to inspect the work or to make suggestions which need not be followed. Fleck v. ANG Coal Gasification Co., 522 N.W.2d 445, 448 (N.D. 1994). The comments to the Restatement (Second) of Torts § 414 further clarify this concept:

> In order for the rule stated in this Section to apply, the employer must have retained at least some degree of control over the manner in which the work is done. It is not enough that he has merely a general right to order the work stopped or resumed, to inspect its progress or to receive reports, to make suggestions or recommendations which need not necessarily be followed, or to prescribe alterations and deviations. Such a general right is usually reserved to employers, but it does not mean that the contractor is controlled as to his methods of work, or as to operative detail. There must be such a retention of a right of supervision that the contractor is not entirely free to do the work in his own way.

Restatement (Second) of Torts § 414 cmt. c (1965).

EOG Resources contends it did not retain any right to control the method, manner, and operative details of the work performed by Pioneer Drilling, Peak Energy, and their employees. According to the written contract between EOG Resources and Pioneer Drilling, "[t]he actual performance and superintendence of all work hereunder shall be by [Pioneer Drilling], but [EOG Resources] or its representative shall have unlimited access to the premises to determine whether work is being performed by [Pioneer Drilling] in accordance with all of the provisions of this Agreement." See Docket No. 27-1, p. 10. The contract between EOG Resources and Peak Energy defines Peak Energy as an independent contractor "with the authority and right to direct and control all the details of the work, [and] Company [EOG Resources] being interested only in the result obtained." See Docket No. 27-3, p. 2.

The Plaintiff asserts there is a genuine issue of material fact as to whether EOG Resources retained control over Pioneer Drilling and Peak Energy by implementing safety regulations that were to be followed by all independent contractors.[2] The Fifth Circuit Court of Appeals has previously determined that despite an agreement between an independent contractor and the principal requiring the contractor to abide by the principal's safety regulations, the principal does not retain operational control; instead, control requires the principal to have "direct supervision over the step-by-step process of completing the work." See LeJeune v. Shell Oil Co., 950 F.2d 267, 270 (5th Cir. 1992) (internal citations omitted).

Following the decision in LeJeune, the Court finds that EOG Resources' imposition of safety regulations upon Pioneer Drilling and Peak Energy does not rise to the control necessary to enforce a duty of care. The contract and documentation between the parties make clear that Pioneer Drilling will perform and supervise all the work, with EOG Resources having access to the premises to ensure the agreement and safety regulations are being followed. See Docket Nos. 27-1 and 28-1. The Drilling Contract between EOG Resources and Pioneer Drilling contains an express provision stating that EOG Resources "shall have no direction or control of Contractor [Pioneer] or its employees and agents except in the results to be obtained."[3] See Docket No. 27-1, p. 9. A duty was

---

[2] EOG Resources provides a Safe Practices Manual to independent contractors and requires contractor compliance with the safety policies to create a safe work environment. See Docket No. 28-1. However, the "manual cannot possibly cover every action or circumstance, so all [individuals] must use [their] common sense." See Docket No. 28-1, p. 14.

[3] Similarly, the Master Service Contract between EOG Resources and Peak Energy states: "Contractor [Peak Energy] conclusively shall be deemed an independent contractor, with the authority and right to direct and control all of the details of the work, Company [EOG Resources] being interested only in the result obtained. However, all work contemplated shall meet the approval of Company and shall be subject to the general right of inspection. Company shall have no right or authority to supervise or give instructions to the employees, agents or representatives of Contractor, but such employees, agents or representatives at all times shall be under the direct and sole supervision and control of Contractor . . . ." See Docket No. 27-3, p. 2.

owed to Ivan Barton for the acts or omissions of the independent contractors only if EOG Resources retained control over the method, manner, and operative details of the work performed by Pioneer Drilling or Peak Energy. Because no such control was retained by EOG Resources, no duty is imposed merely by the issuance of safety regulations. See LeJeune, 950 F.2d at 270.

The Plaintiff also argues that EOG Resources had a duty to provide and maintain a safe work site, including the equipment used, for all workers allowed or required to work on the premises. For example, the Plaintiff argues the broken chain used to hold the hydraulic cylinder was a dangerous, unverified chain, that was possibly owned by EOG Resources. See Docket No. 28. However, the ownership of the faulty chain is irrelevant to the issue of EOG Resources' duty to Barton. "[M]erely providing equipment is not the kind of control that creates a duty." Kristianson v. Flying J Oil & Gas, Inc., 553 N.W.2d 186, 190 (N.D. 1996). Instead, "a duty arises only if the employer, in addition to providing the equipment, also directly supervises or controls its use, or instructs the independent contractor's employee on use of the equipment." Id.

With ownership of equipment being irrelevant, the issue becomes whether EOG Resources retained control over the equipment and the individuals utilizing the equipment. As defined by the contracts, EOG Resources did not supervise or instruct the independent contractors in the usage of equipment. See Docket Nos. 27-1 and 28-1. At the time the accident involving Ivan Barton occurred, no employees of EOG Resources were on site because the responsibilities of EOG Resources had been completed. See Docket No. 27-7, p. 33. Many employees of both EOG Resources and Pioneer Drilling indicated the responsibility to secure and move the oil rig did not

fall on EOG Resources.[4] With the responsibility of securing and moving a rig falling to either Pioneer Drilling or Peak Energy, the mere existence of a safety manual and safety meetings does not place a duty on EOG Resources to oversee every aspect of the drilling operations. The contracts between EOG Resources and the independent contractors make clear that Pioneer Drilling was retained to drill the oil wells and Peak Energy was hired to move oil rigs, in accordance with standard industry procedure.[5] See Docket Nos. 27-1 and 28-1.

There is insufficient evidence to reveal the retention of control or supervision by EOG Resources over the work performed by Pioneer Drilling and Peak Energy, such that the independent contractors were not entirely free to perform the work in their own way. The Court finds that EOG Resources did not owe a duty to protect Ivan Barton from injuries caused by the acts or omissions of Pioneer Drilling or Peak Energy, because EOG Resources did not retain a sufficient degree of control over the work performed by the independent contractors.

---

[4] Pioneer Drilling employees testified that it would have been the responsibility of Pioneer Drilling to select the proper chain to hold the cylinder, not the responsibility of EOG Resources. See Docket Nos. 27-9, pp. 79-80; 27-12, p. 146; and 27-8, p. 33. Jeff Kummer, the onsite supervisor for EOG Resources, confirmed that he did not know how the cylinder was secured because it is not his responsibility, but that of the people who owned and were responsible for moving the rig. See Docket No. 27-7, p. 35.

[5] Oscar Peters, an Operations Manager for EOG Resources with 32 years of experience in the oil and gas industry, and 25 years as a Petroleum Engineer, indicated that based upon his knowledge and experience, "it is an accepted and common practice for an entity in oil field development to delegate control over specific operations to an independent contractor that specializes in a particular area of work. This practice is commonplace in part because oil field contractors have a very specialized and effective skill set that allows the contractor to meet the developer's goals in a safe and efficient manner." See Docket No. 27-2.

### 2) HARM AND DANGER EXCEPTION

Another exception to the general rule of employer non-liability is that employers of independent contractors may be liable under the "peculiar risk of harm" and "special danger" exception, found in Sections 416 and 427 of the Restatement (Second) of Torts. These claims allege nondelegable duties for which vicarious liability can be imposed upon the employer of an independent contractor. However, both the North Dakota Supreme Court and this Court have held that these theories of relief do not extend to claims by employees of independent contractors, and therefore would not apply here. See, e.g., Olson v. Pennzoil, 943 F.2d 881, 884 (8th Cir. 1991); Ackerman v. Gulf Oil Corp., 555 F.Supp. 93, 95-96 (D.N.D. 1982); Pechtl v. Conoco, Inc., 1997 ND 161, ¶ 22, 567 N.W.2d 813; Fleck, 522 N.W.2d at 449-50.

### IV. CONCLUSION

The Court has carefully reviewed the entire record, the parties' briefs, exhibits, deposition excerpts, and the relevant case law. The Court finds, after viewing the evidence in a light most favorable to the Plaintiff, that Pioneer Drilling and Peak Energy were independent contractors hired by EOG Resources to provide drilling and relocation of oil wells and drilling rigs. The undisputed evidence reveals that EOG Resources did not retain control over the manner, method, or operative details of the work performed by Pioneer Drilling or Peak Energy. The Court finds, as a matter of law, that EOG Resources did not owe a duty to protect Ivan Barton from injuries caused by the acts or omissions of these independent contractors. The Court further finds that none of the recognized exceptions to the general rule of employer non-liability apply in this case. Therefore, the Court **GRANTS** the Defendant EOG Resources' motion for summary judgment (Docket No. 26).

Based on the Court's ruling that summary judgment is appropriate, EOG Resources' motion in limine to exclude all references to Enron Oil and Gas Company (Docket No. 50) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 4th day of December, 2012.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court